UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**STATE OF NEW JERSEY**,

          Plaintiff,

        v.

**JOHN DOE**,

          Defendant.

Civil Action No. 24-11491 (ZNQ) (JTQ)

**MEMORANDUM AND ORDER**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court on sua sponte review of the removal of this case by *pro se* Defendant John Doe ("Doe") (NOR, ECF No. 1) from the Superior Court of New Jersey, Middlesex County, Chancery Division, as well as a Motion to Quash Summons Issued in State Court. (ECF No. 7.) The Court has carefully considered Doe's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, this case is **REMANDED** to the state court pursuant to 28 U.S.C. § 1447(c) and the Motion to Quash is **DENIED**.

**I.    BACKGROUND**

    This case appears to arise out of a civil suit filed in New Jersey Superior Court in 2021. *US Bank Cust for Actlien Holding v. Singh*, Docket No. F-5667-21 (N.J. Super. Ct. Chancery Div. 2021). (Redacted Summons attached as Exhibit A to Notice of Removal, ECF No. 1-3 at 3; "Civil Action Notice to State" attached as Exhibit B to Motion, ECF No. 7-2 at 8) [1].

---

[1] Doe redacted the parties' names from the summons he attached to his Notice of Removal, but the docket number listed on the summons matches the docket number on the Civil Action Notice, which does show the parties' names. The Civil Action Notice was directed by Actlien to the State to notify and join the state of New Jersey in the suit against Singh because, it states, the State may have had an interest in a property that was the subject of the suit between Actlien and Singh.

On December 30, 2024, Doe filed a Notice of Removal without a filing fee or an application to proceed *in forma pauperis*. (ECF No. 1.) On the same day, the Clerk's Office notified Doe he needed to either pay the fee or apply to proceed *in forma pauperis*. (ECF No. 2.) On January 31, 2024, because Doe had not complied, the Court ordered the Complaint withdrawn. (ECF No. 4.) On February 4, 2025, Doe filed an *in forma pauperis* application (ECF No. 6), but quickly mooted that application by paying the filing fee the next day. (Docket annotation dated February 7, 2025.) On February 4, 2025, Doe filed the Motion to Quash. (ECF No. 7.)

## II. NOTICE OF REMOVAL

When a case is removed to federal court, the removing defendant must show the court has subject matter jurisdiction over the case. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)). Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). In fact, when a case is removed to federal court, a court must remand the matter "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The Notice of Removal asserts federal question jurisdiction. Doe does not attach the underlying complaint in this case. Based on the Notice and other documents supplied by Doe, however, the Court finds that Doe has not met his burden of establishing federal question subject matter jurisdiction for this matter.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly plead complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

From what the Court can discern, Doe is attempting to assert federal counterclaims and/or third-party claims against the Superior Court for purported deficiencies in the state court's procedures. (ECF No. 1 at 1.) The Notice of Removal complains that it is a violation of his First Amendment rights for the State to require him to pay a fee without an adequate basis for it (ECF No. 1-3 at 1); for the State to make it unclear how he was to respond, and for the State to provide web links for information that were not functional. (*See id.*) But federal question jurisdiction cannot rest on an anticipated counterclaim or a third-party claim. *See Bank of New York Mellon Corp. v. Fischer*, Civ. No. 15-01465, 2015 WL 4569077, at *2 (D.N.J. July 28, 2015) ("The Supreme Court has made clear that for purposes of removal, federal question jurisdiction is determined only by reference to the plaintiff's complaint, without any reference to a defendant's counterclaims." (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002))); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating that federal jurisdiction cannot rest upon an actual or anticipated counterclaim).

Because these purported federal claims, and thus any federal question, are cited only in Doe's Notice, this Court does not have jurisdiction to hear this case, and his removal is improper. *AHS Hosp. Corp. v. Ippolito*, Civ. No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019) ("The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction."). Therefore, this Court must remand the case to state court. *See A.F. v. Dep't of Corr*, Civ. No. 21-14591, 2021 WL 3604784, at *1 (D.N.J. Aug. 13, 2021) (remanding the case to state court for lack of subject-matter jurisdiction).

### III. MOTION TO QUASH

By his Motion to Quash, Doe appears to seek to quash the summons joining the State of New Jersey to his suit involving Actilien. In correspondence between Doe and the State Attorney General's Office, the State directed Doe to contact counsel for Actilien. Regardless, Doe provides no basis for his standing to challenge Actilien's summons as to the State. Moreover, the summons was issued in 2021. Doe's arguments in this Court are therefore either untimely or moot. Accordingly, the Court denies the Motion to Quash.

### IV. REQUEST TO PROCEED AS DOE

In his submissions, Doe redacts his identity and address. In a footnote to his Notice of Removal, Doe requests leave to proceed under the pseudonym John Doe: "Defendant's information is protected from being published necessarily on the internet. However, if the honorable court required, defendant would reveal identity." (ECF No. 1-3 at 1.)

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citation and quotation marks omitted). Federal Rule of Civil Procedure 10(a) encompasses that principal by "requir[ing] parties to a lawsuit to identify themselves in their respective pleadings." *Id.* at 408 (citing Fed. R. Civ. P. 10(a). "[A] plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Id.* (citation and quotation marks omitted.)

Nonetheless, courts have recognized that "in exceptional cases," a party may proceed anonymously. *Id.* "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality,'" *id.* at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)), as well as "cases involving victims of sexual assault," *Doe v.*

*Princeton Univ.*, Civ. No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020) (citations omitted).

The Third Circuit Court of Appeals has set forth a "non-exhaustive, multi-factor test" to be employed in determining whether a plaintiff's "reasonable fear of severe harm" merits an exception to "'the public's common law right of access to judicial proceedings." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021) (quoting *Megless*, 654 F.3d at 408). Ultimately, "[t]he *Megless* factors require a fact-specific, case-by-case analysis." *Id.* Given that Doe's footnoted request does not meet the standard required by *Megless*, Doe's request to proceed under a pseudonym is denied.

V.     **CONCLUSION**

For the foregoing reasons, **IT IS** on this **2nd** day of **May 2025**,

**ORDERED** that the pending Motion to Quash (ECF No. 5) is **DENIED**; it is further

**ORDERED** that Defendant's request to proceed under the pseudonym John Doe is **DENIED**; it is further

**ORDERED** that this matter is hereby **REMANDED** to the Superior Court of New Jersey, Middlesex County, Law Division, Special Civil Part; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to mail a certified copy of this Memorandum Order to the clerk of the Superior Court of New Jersey, Middlesex County, Chancery Division.

                                                           s/ Zahid N. Quraishi
                                                           **ZAHID N. QURAISHI**
                                                           **UNITED STATES DISTRICT JUDGE**